oral argument not to exceed 15 minutes per side. Mr. Geist for the defendant appellant. We actually insist on it. Thank you. My name is Greg Geist. I represent Mr. Welch. I'd appreciate three minutes reserved for Mr.  Welch's prior conviction for attempted failure to comply is not a predicate under the Armed Career Criminal Act. The risk posed with an attempted failure to comply is not similar to any of the enumerated offenses, specifically arson or burglary, and it is not violent or aggressive. The analysis should begin with the categorical approach and then move on to the modified categorical approach, but that relies on looking at the exact statute that Mr. Welch was convicted under, and that requires looking at Ohio state law. Recently, I believe both cases in September, this court decided, or at least it was filed, the Smith case as well as the Prater case, and both of those cases looked at the state law and state cases looking at the laws that were violent, and the same should be done here. Do you have any quarrel with the notion that if this was the third degree felony offense, the completed offense, that this would be a violent felony under the ACCA? The Sixth Circuit has already decided that. Okay. So then the question is, what is attempt to commit this particular crime? That is, the particular statute 33, whatever the lengthy number is, 2921.331, that statute itself doesn't contemplate attempt, right? We're getting attempt from elsewhere in the code. Am I right about that? That is correct. Okay. And so we're then talking about how would one attempt to commit this offense of fleeing and eluding, and Judge Polster seemed to act as though you had to have some completed fleeing and eluding. You had to get away in order to be the completed offense, but there's no law to that effect, right? That's correct. I mean, if I take a few steps running from the cop and trip, I'm still fleeing even though he grabs me in 10 seconds. So then you tell me how one could attempt to commit this, because you said look to Ohio cases, and every case I could find where someone, where it got into the reports, where someone was convicted of attempt, they had in fact fled, they'd had a high-speed chase, and somehow they bargained it down. So are there any cases that you could find where someone is convicted of attempt when he hasn't really fled? There are no cases that I could find, and the court has pointed out looking at under the categorical and modified categorical approach, we're not supposed to look at the actual underlying facts. Your client is convicted of attempt as a result of a plea bargain. Am I right? That is correct. Okay. So he, I mean, he did flee. He did try to elude. It's just that his conviction doesn't show that, but their underlying circumstances include the danger posed by his effort to flee. I agree, yes. Again, it's important not to look at the underlying facts of the case. That's the James United States Supreme Court. Right, I understand that. So looking at what Ohio state law says is an attempt, that's an unsuccessful act, something that would have resulted in committing the offense. The court provided one example of tripping and falling. An example of that could be tripping and falling. I thought, at least you didn't blanch, I thought you were agreeing that you really are fleeing once you take the first couple of steps. You're unsuccessfully fleeing. You are unsuccessful in escaping. You see, the crime is not escaping from the police. So I go back that you're right, we don't look at the actual facts, but we do have to look at how could this crime be committed. And some of your brief is kind of talking about hypotheticals and all, but the, in reality, how could you commit the crime of attempting to flee without actually fleeing? You could have keys in your hand, an officer could tell you to stop, and you could be running to your car. But the officer, you have to be operating the vehicle with the signal. So if you're standing outside with the keys in your hand, you're not operating the vehicle, right? That's correct, but you are attempting to operate the vehicle, and that's what we're looking at here. Not the operation of the vehicle, but the attempted operation of the vehicle. If Ohio state law says that operation of a vehicle is something as little as sitting behind the wheel of a car with the keys in the ignition, then an unsuccessful act... But you have to be, am I not right, you have to receive the signal to bring your motor vehicle to a stop. So if you're just standing outside the car, you can't have received a signal to bring it to a stop, because it's already at a stop. And the statute is divisible. There are multiple ways of committing that offense. And looking at, I believe the court's looking at 29... Well, you're looking at B, subsection B, and you don't get to subsection C until you get through B. And B says, audible signal from a, it could be visible or audible signal from a police officer to bring the person's motor vehicle to a stop. Now, in the ordinary case, what does stop mean in a traffic situation? It's the most ubiquitous sign that there is in America, stop signs. How do you get to somebody just sitting in a car and turning the key when he has to bring the vehicle to a stop? I think the court, it's important to look at the first portion of B. No person shall operate a motor vehicle so as willfully to elude. That's followed by or flee a police officer. So there are two, there is this, within B it's divisible. There are two separate ways of committing the offense within B. No, I don't see that. The part you read, but it goes on, after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop, he has to be operating the vehicle. Well, that's the second portion of the divisible part of B. The first part would be operating the vehicle so as willfully to elude. The second part would be to flee a police officer after receiving. You're trying to argue that you don't aggregate elude and flee. You want to read it, no person shall operate a motor vehicle so as to elude full stop. That's correct. Whether or not you've received a signal. That violates the rule of the last antecedent that willfully elude or flee go together. There are two ways of dealing with a police officer. You can elude a police officer, you can flee a police officer after receiving a visible signal. To stop. I guess you want elude to stand alone, so you can't willfully elude a police officer even though he hasn't signaled? It can stand alone but then also look. Is there any interpretation that adopts that? Any cases that adopt that? Because you would think then that a person could be prosecuted. Just the cop looks at him and he eludes him and the cop makes no signal and nevertheless he charges him with eluding. I don't think the defense bar would like that. I think looking at it as an attempt, the act that's actually occurring is the operation of the motor vehicle. If there's an attempt to operate the motor vehicle, Ohio State case law has said that that is as little as sitting behind the wheel of a car with the keys in the ignition. He must also, must he not, attempt to do it. An attempt requires mens rea for each step. So he must attempt to do it with the intent to cause a substantial risk of serious physical harm. And again, how could he do that? And that goes to the third degree or the fourth degree, looking at Section C. Again, this is an attempt and it's important to... Well, but he still, in order to convict him of attempt, he must be attempting, in order for it to be a felony, he must be attempting to do 5A sub 2, right? Or 1, but in this case it's sub 2. That is correct. So again, under the general rule, and U.S. v. James says this, that the attempt has to have the specific mens rea. He would have intended to commit serious physical harm, and again, it's kind of hard to see how you do that until you start moving again. And again, I continue going back to it. This is an attempt to commit the offense. Looking at James, the court looked at how does the attempt alter the risk? And in James, the court looked at an attempt to commit a burglary and looking at the curtilage and how that would cause the risk to be elevated. In this case, attempting to operate a motor vehicle, even if there is an intent to cause serious damage, and it could be to persons or property, the risk under the ACCA has to be to other people. Here, the risk could be to property as well. But the attempt here, the risk is not the same as something like burglary or arson. And looking at the other cases that involve flight and fleeing, that actually, they all involve a car that's being driven, and the risk involved is the officer pursuing that person. Here, with an attempted... Or that the fleeing person himself is acting recklessly, is likely to act recklessly and dangerously. In a vehicle, yes. Here, this is a... But how would you even get to that if your argument regarding subsection B is correct? In other words, because then you go down to C4 and C5, and I don't remember which one it was that he pled to, but each of those requires a fleeing immediately after the commission of a felony, which never occurred. And so there would be no proof if he was caught in his car just sitting there that he was fleeing immediately after the commission of a felony. Or, as part of C5, proximate cause of a serious physical injury. We don't have that. The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. That never would have occurred if he was just sitting in his car. And I think looking at the specific facts of the case would not be appropriate, but looking at the elements... I'm just looking at the elements. Yes. So how would you even get... You know, looking at the elements, and that's what he pled to. And, again, sometimes in an attempt offense, the risk could be elevated. Sometimes the risk... Not just sitting in the car. Because the judge has to find caused a substantial risk of serious physical harm to persons or property, or, if you go back to C4, was fleeing immediately after the commission of a felony. Fleeing, not just sitting there. Although I guess perhaps he was, you know, theoretically could be running. But that's hardly the ordinary case when you're talking about a motor vehicle. Is it? The attempt to commit that offense. Is your argument the ordinary case? The ordinary case for an attempt to commit this offense. Yes. There really is no ordinary case. As the court said, it is... There may be no case at all. There may be no... That's part of the issue. There may be no case at all. All right, we'll talk about it some more. You have your three minutes for rebuttal. Thank you. Your time's up. Good morning, Your Honors. May it please the court. My name is Carmen Brown. I'm an assistant United States attorney in the Northern District of Ohio, the Eastern Division, and I represent the appellee, the United States of America. Your Honors, this court should affirm the district court sentence because the Ohio crime of attempted failure to comply is a violent felony, and therefore it serves as a predicate offense under the residual cause of the Armed Career Criminal Act. Your Honors, the appellant has... It meets the definition of a violent felony how? It meets the definition of a violent felony under the residual clause. The residual clause states that it must otherwise involve conduct that presents a serious potential risk of physical injury to another. Attempted failure to comply fits within that residual clause as it presents a serious potential risk. The risk in attempted failure to comply is similar to the risk of that of burglary. This court has already found in the United States v. Hockenberry and also in the United States v. Yates that failure to comply, the Ohio crime, has a similar risk to that of burglary in that there's a risk of confrontation. There's a risk that an officer will have to go after this defendant who is fleeing the police, and also a risk to third parties who might be in the way when he is fleeing. Counsel, do you think Judge Polster is right when he says, in effect, that he was ultimately unsuccessful in eluding the police does not alter the fact that he was attempting to elude them? Is that what attempt to elude is in Ohio? I know you're a federal prosecutor, so you may not work with the state ones, but in terms of how the crime is treated or defined in Ohio? In Ohio, an attempt is simply being unsuccessful in an activity that would constitute the act, except the person is unsuccessful in completing the act. I try to shoot at you, but I have no bullets in the gun. Would that be an example? Correct. When we're looking specifically at failure to comply, your honors are correct. It's very hard to think of an instance where anyone could attempt to fail to comply but be unsuccessful. That brings us directly back to the point of, this court has already found that failure to comply is a violent felony, and an attempt to do such simply because someone is unsuccessful in that does not change the fact that it's a violent felony. If we also look at this court's other decisions, this court has looked at other attempt crimes, such as attempted burglary, attempted larceny, attempted rape. In each of those instances, this court has found that an attempt to commit that violent felony is also a violent felony. In fact, this court has said, when looking at burglary, that the attempt is, in fact, more violent than the burglary itself. This court has reasoned that it's not the completing the act that makes burglary violent, but it's the fact that the confrontation, the chance of the confrontation. What's the case you're referring to there? Yes, your honors. I am referring to United States v. Taylor, also United States v. Colin. United States v. Taylor was the larceny act, and I'm sorry, your honors, looking at burglary, it's actually a Supreme Court case, United States v. James. And there, the court found that the main risk in burglary arises from the face-to-face confrontation between the burglar and a third party. And here, your honors, we would argue that the risk here is the chance of confrontation between the defendant and the police officer whom he's fleeing from. And because of that, there is an inherent risk... But you just said the officer he is fleeing from. If he's actually fleeing, then wouldn't it be the completed crime, not the attempt? Your honors, we would say that it was an attempt because he's unsuccessful, so I guess he would be unsuccessful in fleeing. But yes, your honors is correct. This is really a case where someone has pled down. We're really talking about the offense of failure to comply. Again, am I right? I don't know if you had researched those cases, but the kind of Ohio cases where it has become a fourth-degree felony are usually quite high-speed classic chases. Just for whatever reason, they plead them to attempt or they try them. In some of the cases, they may have actually gone to trial, but that's what they ended up getting convicted of. Your honor is correct, and that's because in Ohio, the difference between a third-degree felony... A third-degree felony would be 12 to 16 months in prison versus the fourth-degree felony would be 6 to 18 months in prison. So your honors is correct. That's simply an issue of where it has been pled down. And therefore, going back to Hockenberry and Yates, this court has already found that this is a violent felony. The appellant has attempted to look at the definition of operate and to use statutory construction to say... or statutory interpretation to say that this somehow can be done by having keys in hand or sitting in a car with keys in ignition. But your honors, that's simply impossible for several reasons. First of all, as your honors has pointed out, the statute states that the person must fail to bring the vehicle to a stop. And one cannot fail to bring a vehicle to a stop if they are just simply sitting in a car with no keys in ignition. Secondly, your honors, one Ohio court has defined operate in the context of a failure-to-comply statute. That was in State v. Odd. And there, the court found that failure-to-comply and the failure-to-comply statute that operate means to cause or have caused movement of a vehicle. Therefore, the Ohio case law is clear that to operate in the context of the statute, you must cause the vehicle to move or have caused the vehicle to move. And third, your honors, that definition simply is impossible because if that were true, then this court's holdings in Hockenberry and Yates would be incorrect because there, the court found that this was a violent felony. The court did not find that this statute was divisible. And so, therefore, that would be incorrect if we were to go with the appellant's definition of operate. So, your honors, with that, attempted failure-to-comply is a violent felony. It fits within the residual clause. And because of that, it is an appropriate predicate offense under the Armed Career Criminal Act.  Thank you, counsel. Thank you, your honors. You have three minutes for rebuttal. This court has decided in Hockenberry and Yates that a third- or fourth-degree failure-to-comply is a violent felony. Taking what the court has discussed, taking what the appellee has discussed, if it's impossible to figure out a way of committing this offense that the state of Ohio does allow, then how can there be any risk in that offense? Like I said, Hockenberry and Yates both discuss the actual completed act, the third- and fourth-degree. I wasn't sure if you were just sort of stumbling. You said we had decided that third- or fourth-degree. Did you mean to say that, or did you mean to say just third-degree when you said we've already decided that something was a violent felony? The failure-to-comply in Ohio is a violent felony, yes. But I heard you say third or fourth, but you really meant just third. It is third and fourth, I believe. Oh, because there's a different way of slicing it? I see. You're right. It's important to look at the risk that it's involved with a third-degree failure-to-comply and a fourth-degree failure-to-comply, but that's not this case. This case is the attempt to commit that offense. And in the attempt, it's the attempt to operate the car. That is the actus reus that's involved, operation of a motor vehicle. Not driving a motor vehicle, not driving while an officer is chasing, but operating that vehicle and attempting to do that. The risk involved... Only after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop. To bring the person's motor vehicle to a stop. So it has to be operated. Well, looking at operate, it's either having caused the car to move in the past or sitting behind the wheel of the car with the keys in the ignition. It is a difficult concept to grasp that Ohio allows this to be an offense that someone can plead guilty to, but it's important to look at how attempt changes the elements of the offense and changes the act that's involved. That act is to operate the car. An officer can tell someone while they're sitting behind the wheel of a car to not move their car, and that person can, while the car is in drive, hit the gas, and the car would not move at all. Ohio State cases have said that... And there's one case in particular where someone is sitting behind the wheel of a car. They're passed out drunk. The car is on, and their foot is on the accelerator, and the engine is running. That is operating a motor vehicle. If that is operating a motor vehicle, then an unsuccessful attempt to do that would be attempted failure to comply, and that's what's important to look at. I keep harping on this, because I don't think you've answered it yet. It says, bring the person's motor vehicle to a stop. So the motor vehicle must be moving. If he has to bring it to a stop, he's just not sitting there. And that whole Part B that you want to break up seems to be one sentence that makes sense in and of itself. But anyway, okay. May I respond? Sure. If Mr. Welch had pled guilty to a third- or fourth-degree felony, then that would be the issue. But again, I keep on harping on it. It's the attempt to commit that offense, and if someone attempts to commit that offense, then the car does not have to be actually moving. Just let me be clear, though. He did plead guilty to a fourth-degree felony. It was the fourth-degree felony of attempt. Isn't that right? He pled guilty to the attempt, yes. But that's a fourth-degree felony. It became a fourth-degree felony because the attempt not only changes the elements of the offense, but also reduces it one degree. I understand that, but it's not a category outside of what you had just said of, quote, third- or fourth-degree felony. He did plead to a fourth-degree felony. He did. Thank you, counsel. The case will be submitted, and the clerk may call the next case.